United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Brandy Varner and others, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 16-22482-Civ-Scola |
| | ) | |
| Dometic Corporation, Defendant. | ) | |

### Order on Defendant's Motion to Strike

Brandy Varner and seven additional class representatives bring this proposed class action against Dometic Corporation ("Dometic") for breach of implied warranty, unjust enrichment, and violation of various consumer protection statutes. On February 7, 2017, the Court granted in part Dometic's motion to dismiss the Plaintiffs' Amended Complaint. (Order, ECF No. 86.) On February 22, 2017, the Plaintiffs filed their Second Amended Complaint (ECF No. 89.) This matter is before the Court on Dometic's Motion to Strike Certain Allegations and Exhibits Contained in Plaintiffs' Second Amended Complaint (ECF No. 108). For the reasons set forth below, the Court **grants in part and denies in part** Dometic's motion (ECF No. 108).

1. **Legal Standard**

Federal Rule of Civil Procedure 12(f) permits district courts to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." On a motion to strike, a court has broad discretion. *Badilo v. City of Deerfield Beach*, No. 13-60057-CIV, 2013 WL 3762338, at *1 (S.D. Fla. July 16, 2013) (Rosenbaum, J.) However, striking allegations from a pleading "is a drastic remedy" that is not appropriate "unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Blake v. Batmasian*, 318 F.R.D. 698, 700-01 (S.D. Fla. 2017) (Marra, J.) (citations omitted); *see also Gonzalez v. Sunrise Lakes Condominium Apartments Phase III, Inc. 4*, No. 06-61575, 2007 WL 2364050, at *4 (S.D. Fla. Aug. 14, 2007) (Cooke, J.) (internal quotations and citations omitted). "Prejudice results when the matter complained of has the effect of confusing the issues or where it is so lengthy and complex that it places an undue burden on the responding party." *Blake*, 318 F.R.D. at 700 (internal quotations and citations omitted). Motions to strike are generally viewed with disfavor. *See Pandora Jewelers 1995, Inc. v. Pandora Jewelry, LLC*, No. 9-61490, 2010 WL 5393265, at *1 (S.D. Fla. Dec. 21, 2010) (Cooke, J.).

## 2. Analysis

Despite acknowledging that motions to strike are disfavored, Dometic has moved to strike all or portions of 51 paragraphs, three footnotes and two exhibits of the Second Amended Complaint. (Mot. to Strike Ex. A, ECF No. 108-1.) The material that Dometic seeks to strike falls into five categories: (1) descriptions of the parties' discovery disputes and characterizations of positions taken by Dometic in its motion to dismiss; (2) information concerning the opinions of one of the Plaintiffs' experts; (3) evidentiary material attached as exhibits to the Second Amended Complaint; (4) factual allegations that consist of information the Plaintiffs obtained during discovery; and (5) irrelevant references to state statutes. (Mot. to Strike, ECF No. 108.) The Court will address each category in turn.

### A. Characterizations of Positions Taken by Dometic

Dometic asserts that the Second Amended Complaint includes immaterial and scandalous allegations concerning "the nature and veracity of arguments" that Dometic has made in the course of this litigation, as well as information concerning discovery disputes between the parties. (Mot. to Strike at 8, ECF No. 108.) By way of example, Dometic points to the first paragraph of the Second Amended Complaint. (*Id.*) The first paragraph alleges that Dometic made a false statement to the Court in its briefing on Dometic's motions to dismiss. (Second Am. Compl. ¶ 1, ECF No. 103-1.) The first paragraph also alleges that Dometic tried to withhold "important, responsive" discovery that the Court ultimately compelled Dometic to produce. (*Id.*) The first paragraph includes two footnotes that detail discovery disputes between the parties, and also make statements concerning the "bold representations" that Dometic made in support of its motion to dismiss. (Second Am. Compl. ¶ 1 n.3, n.4, ECF No. 103-1.) Dometic asserts that these allegations have no value in developing the issues in this case and are irrelevant, defamatory, and prejudicial. (Mot. to Strike at 10, ECF No. 108.)

In support of its position, Dometic cites to *Blake v. Batmasian*, which held that it was inappropriate for plaintiffs to "state or argue in a Complaint, particularly in a footnote, Defendants' position regarding a contested issue." 318 F.R.D. 698, 701 (S.D. Fla. 2017) (Marra, J.). Judge Marra therefore struck the plaintiffs' characterization of the defendants' position in the complaint. *Id.* In response, the Plaintiffs assert that their allegations do not reflect on Dometic's moral character or detract from the dignity of the Court. (Pl.'s Resp. at 20, ECF No. 113.) Furthermore, the Plaintiffs assert that Dometic has not shown that it will be prejudiced by these statements. (*Id.*)

"The word 'scandalous' generally refers to any allegation that unnecessarily reflects on the moral character of an individual. . .or casts a cruelly derogatory light on a party or other person." *Id.* (citing *S.E.C. v. Lauer*, No. 03-80612, 2007 WL 1393917, at *2 (S.D. Fla. Apr. 30, 2007) (Marra, J.)). The Court notes that in

its order on Dometic's motion to dismiss (ECF No. 86), it made no findings that Dometic made false statements in its briefing. As Judge Marra noted, it is inappropriate for the Plaintiffs to state or argue the Defendant's position concerning a contested issue, and the Plaintiffs' allegations that Dometic made false representations in its filings are scandalous and unnecessary to the development of any factual issue in this matter. Therefore, the Court grants the Defendant's motion to strike the Plaintiffs' allegations that it made false statements in its filings, as well as the Plaintiffs' characterizations of the positions that Dometic took in the briefing. Accordingly, the Court strikes the seventh sentence of Paragraph 1 of the Second Amended Complaint, the first two sentences of footnote 4, and the second sentence of Paragraph 140.

However, the Court declines to employ the drastic remedy of striking the information concerning the parties' discovery disputes and the fact that Dometic was compelled to produce documents that the Plaintiffs deem to be important to their case. Although it is highly unusual for such information to be included in a complaint, Dometic has not sufficiently demonstrated that the information has no possible relationship to the controversy, may confuse the issues, or will otherwise prejudice it. In its reply, Dometic asserts that the Second Amended Complaint is a public document, and that the accusations that Dometic tried to withhold incriminating documents harm its reputation and goodwill. (Reply at 3, ECF No. 116.) This claim is of no avail, because the briefing and orders on the Plaintiffs' motions to compel are also public documents. Therefore, striking the information in the Second Amended Complaint concerning the parties' discovery disputes will not remove the information from the public record. Furthermore, the Defendant's argument, if successful, would apply to most complaints, since any allegation that a defendant engaged in wrongful conduct could harm the defendant's reputation and goodwill.

### B. References to Expert Opinions

The Defendant requests that the Court strike references in the Second Amended Complaint to "hypothetical and untested opinions of Plaintiffs' undisclosed expert, Dr. Paul Eason." (Mot. to Strike at 11, ECF No. 108.) The Defendant asserts that these opinions are improper because Dometic has not yet been afforded an opportunity to challenge the opinions under *Daubert*. (*Id.* at 12.) Dometic asserts that the information is prejudicial because the jury would be exposed to expert opinions that may be wholly excluded under *Daubert*. (*Id.*)

Dometic relies in part on *Mazzeo v. Nature's Bounty, Inc.,* in which Judge Bloom struck an expert report that was attached to a complaint. No. 14-60580, 2015 WL 1268271, at *3 (S.D. Fla. Mar. 19, 2015); *see also Meeks v. Murphy Auto Group, Inc.*, No. 9-1050, 2009 WL 3669638, at *1 (M.D. Fla. Oct. 30, 2009) (striking expert affidavit attached to the plaintiff's complaint because the

"inclusion of such expert opinions. . .is contradictory to the pleading requirements set forth in Fed.R.Civ.P. 8. . . ."). However, the Court notes that Judge Bloom did not strike the expert's factual statements that were incorporated into the complaint. *Mazzeo,* 2009 WL 3669638, at *1.

In response, the Plaintiffs argue that the Second Amended Complaint will not be shown to the jury and cites to cases in which courts denied motions to strike allegations in complaints because the allegations only posed a risk if and when the evidence was presented to the jury. *See Blake,* 318 F.R.D. at 701 ("Concerns about inflaming and prejudicing the trier of fact against Defendants is without foundation. The jury is only exposed to evidence admitted at trial."); *Sunderland v. Bethesda Hospital, Inc.,* No. 13-80685, 2014 WL 11411849, at *3 (S.D. Fla. Sept. 10, 2014) (Hurley, J.) (denying motion to strike because statements in the complaint pose "a prejudicial risk only if and when that evidence is presented to the jury."). The Plaintiffs assert that the Second Amended Complaint will not be shown to the jury. (Pl.'s Resp. at 6, ECF No. 113.)

Since the Plaintiffs have not attached any expert reports or affidavits to the Second Amended Complaint, the Court will not strike the references to expert opinions in the Second Amended Complaint. Such references are not immaterial, impertinent, or scandalous. Should the Plaintiffs seek to include the Second Amended Complaint as a trial exhibit, the Defendant may raise objections through the appropriate motions at the appropriate time.

### C. Exhibits Attached to the Second Amended Complaint

The Defendant asserts that the majority of the 640 pages of exhibits that the Plaintiffs attached to the Second Amended Complaint consist of evidentiary matters obtained in discovery and are not appropriately considered as part of the pleadings. (Mot. to Strike at 13-14, ECF No. 108.) The Defendant also asserts that quotations from and citations to these exhibits in the Second Amended Complaint should be stricken. (*Id.* at 14.) The Defendant relies on Fed. R. Civ. P. 10(c), which states that "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." (Mot. to Strike at 12, ECF No. 108.) The Defendant cites to Black's Law Dictionary for the proposition that the phrase "written instrument" is limited to a "written legal document. . .such as a contract, will, promissory note, or share certificate." However, the Court notes that Rule 10 does not define the term "written instrument."

The Defendant relies primarily on case law from other circuits to support its position that the exhibits should be stricken. (*Id.* at 12-13.) In addition, the Defendant cites to *United States v. Med-Care Diabetic & Medical Supplies, Inc., et al.,* in which Judge Ryskamp struck exhibits and factual information about one of the individual defendant's prior felony convictions, living expenses attributed to that defendant and his wife, and records pertaining to corporate entities that were

not named as defendants, from the complaint. No. 10-81634, 2014 WL 12279511, at *1 (S.D. Fla. June 17, 2014) (Ryskamp, J.) Judge Ryskamp reasoned that the information created "the possibility of an end run around the rules of evidence, which prohibit citation to past wrongdoing or character evidence as probative of a propensity to act in accordance with that character trait." *Id.* at *2. Here, however, the Defendant has not alleged that the exhibits or the quotations from them would be inadmissible at trial. In fact, the Defendant's reply in support of its motion specifically states that it is not seeking to strike the exhibits because they are irrelevant or inadmissible. (Reply at 7, ECF No. 116.) Rather, the Defendant asserts that it is seeking to strike the exhibits because "they are immaterial at the pleading stage." (*Id.*)

In addition, the Defendant argues that the inclusion of the exhibits and the references to them in the Second Amended Complaint would prejudice the Defendant's right to any later motions in limine to preclude the evidence at trial. (Mot. to Strike at 15, ECF No. 108.) However, it is not clear why the Defendant believes that it cannot later file a motion in limine to exclude the evidence if any of the exhibits are in fact inadmissible. The Defendant will be free to challenge the admissibility of the documentary evidence attached to the Second Amended Complaint at trial or in the appropriate pre-trial motions. *See Agan v. Katzman & Korr, P.A.*, 328 F.Supp.2d 1363, 1369 (S.D. Fla. 2004) (Torres, J.) (denying motion to strike exhibits to complaint because there was a possibility that the exhibits could form the basis for admissible evidence, and the court did not find that the exhibits confused the issues, unnecessarily prejudiced a party, or lacked relationship to the controversy) (citations omitted); *Mech v. School Bd. of Palm Cnty.*, No. 13-80437, 2014 WL 505163, at *4 (S.D. Fla. Feb. 7, 2014) (Marra, J.) (denying motion to strike allegedly immaterial allegations in complaint and exhibit attached to complaint because striking is a drastic remedy and "[i]f appropriate at the time of a trial, reference to these matters can be precluded by order of the Court.").

Since the Defendant has not sufficiently established that the exhibits and references to them have no possible relationship to the controversy, may confuse the issues, or will otherwise prejudice it, the Court denies the Defendant's motion to strike the exhibits and the references to them.

### D. Information Obtained Through Discovery

The Defendant argues that the Court should strike information in the Second Amended Complaint that the Plaintiffs obtained through discovery in this matter. (Mot. to Strike at 15, ECF No. 108.) In support of its position, the Defendant cites to several cases. (*Id.* at 15-17.) However, the cases cited by the Defendant all concern motions to dismiss under Rule 12(b)(6). *See, e.g., U.S. ex. Rel. Atkins v. McInteer,* 470 F.3d 1350, 1359-60 (11th Cir. 2006) (upholding

district court's decision to dismiss plaintiff's complaint because it failed to meet requirements of Rule 9(b); *U.S. ex rel. Clausen v. Laboratory Corp. of America, Inc.*, 290 F.3d 1301 (11th Cir. 2002) (same). None of the cases hold that information obtained through discovery should be stricken from a complaint, nor do the cases even mention that the plaintiff(s) included information in the complaint that was obtained through discovery. *See, e.g., id.* Rather, the cases hold that plaintiffs must meet the pleading requirements of Federal Rule of Civil Procedure 9(b) before they get "a ticket to the discovery process." *See, e.g., U.S. ex. Rel. Atkins*, 470 F.3d at 1359-60.

The Defendant has not filed a motion to dismiss the Second Amended Complaint under Rule 12(b)(6). Therefore, the case law cited by the Defendant is irrelevant. The Defendant has not demonstrated that the information in the Second Amended Complaint that the Plaintiffs obtained through discovery is immaterial, scandalous, or impertinent. Therefore, the Court denies the Defendant's motion to strike such information.

### E. References to State Statutes

Finally, the Defendant argues that the Court should strike references to a Minnesota statute, a Michigan statute, and a Texas statute because the Plaintiffs did not plead any claims under those statutes. (Mot. to Strike at 18-19, ECF No. 108.) In response, the Plaintiffs state that the references to the three statutes are "clearly a scrivener's error" and that Dometic is not prejudiced by the references since they will have no effect on the case. (Pl.'s Resp. at 19 n. 11, ECF No. 113.) Since the references to the three statutes are immaterial to this case, the Court will grant Dometic's motion to strike the references to the Minnesota, Michigan, and Texas State Sub-Classes in Paragraph 192 of the Second Amended Complaint.

### 3. Conclusion

Accordingly, the Court **grants in part and denies in part** the Defendant's motion to strike (**ECF No. 19**). The Court strikes the seventh sentence of Paragraph 1, the first two sentences of footnote 4, the second sentence of Paragraph 140, and the references to the Minnesota, Michigan, and Texas State Sub-Classes in Paragraph 192 of the Second Amended Complaint.

**Done and Ordered** in chambers, at Miami, Florida, on May 15, 2017.

_____
Robert N. Scola, Jr.
United States District Judge