UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:16-cv-22482-RNS

GEORGE A. ZUCCONI and TIMOTHY KLENK, and all others similarly situated,

    Plaintiffs,

v.

DOMETIC CORPORATION,

    Defendant.

## JOINT MOTION TO CONSOLIDATE THIS ACTION WITH THE *ZIMMER* AND *PAPASAN* ACTIONS

Pursuant to Federal Rule of Civil Procedure 42(a), Plaintiffs George A. Zucconi and Timothy Klenk ("Plaintiffs") and Dometic Corporation ("Dometic," and together with Plaintiffs, the "Parties"), by and through undersigned counsel, respectfully move the Court for an order consolidating this action with the related actions of *James Zimmer et al. v. Dometic Corporation*, Case No. 1:18-cv-20746-KMM ("*Zimmer*") and *Catherine Papasan et al, v. Dometic Corporation*, Case No. 1:18-cv-21039-UU ("*Papasan*"). In support thereof, the Parties state as follows:

1. This action was filed on August 23, 2017 and was subsequently consolidated with *Varner et al. v. Dometic Corporation*, Case No. 1:16-cv-22482, on the grounds that the actions assert "claims based on the same defect" and "seek to certify similar classes." Order Consolidating Related Cases [ECF No. 237].

2. *Zimmer*, a substantially similar putative class action, was originally filed in the Central District of California on September 19, 2017, by the same attorneys representing Plaintiffs

in this matter. Shortly after *Zimmer* was filed, Dometic moved to transfer the action to the Southern District of Florida pursuant to 28 U.S.C. § 1404(a) or the first-to-file rule. *See* Motion to Transfer Venue [*Zimmer*, ECF No. 20] (the "*Zimmer* Transfer Motion").

3. On February 26, 2018, the California *Zimmer* Court granted the *Zimmer* Transfer Motion. *See* Order Denying Plaintiffs' Motion to Stay and Granting Defendant's Motion to Transfer [*Zimmer*, ECF No. 44] (the "*Zimmer* Transfer Order"). The *Zimmer* Court transferred the action under the first-to-file rule, reasoning that the parties and issues are "substantially similar," and that transfer to this District "where two similar cases have already been consolidated, serves the interests of justice and the purpose underlying the first-to-file rule." *Id*., pp. 7-8. Dometic notified the Court of and provided the Court with the *Zimmer* Transfer Order on February 27, 2018 [ECF No. 262].

4. Upon its transfer, *Zimmer* was assigned to the Honorable Chief Judge Michael Moore. *See* Notice of Assignment, Case No. 1:18-cv-20746-KMM [ECF No. 46]. *Zimmer* was subsequently transferred to this Court given that it involves the same subject matter and parties as this action. *See* Order of Transfer [*Zimmer*, ECF No. 53].

5. *Papasan*, another substantially similar putative class action, was originally filed in the Northern District of California. On October 13, 2017, the *Papasan* Plaintiffs filed with the Judicial Panel on Multidistrict Litigation a Motion for Transfer of Related Actions pursuant to 28 U.S.C. § 1407 (the "MDL Motion"). *See In re: Dometic Gas Absorption Refrigerator Prod. Liab. Litig*., MDL No. 2811 [ECF No. 1] (J.P.M.L. Oct. 13, 2017). On October 20, 2017, Dometic moved to transfer *Papasan* to the Southern District of Florida pursuant to 28 U.S.C. § 1404(a). *See* Motion to Transfer Venue [*Papasan*, ECF No. 83] (N.D. Cal.) (the "*Papasan* Transfer Motion").

6. On January 30, 2018, the JPML entered an order denying transfer pursuant to 28 U.S.C. § 1407 in part because of the prospect for transfer of *Zimmer* and *Papasan* to the Southern District of Florida under mechanisms that would "enable the actions on the motion to be litigated in a single district for all purposes." *In re: Dometic Gas Absorption Refrigerator Prod. Liab. Litig.*, MDL No. 2811 [ECF No. 43-2] (the "MDL Order").

7. On March 16, 2018, the *Papasan* Court granted the *Papasan* Transfer Motion. *See* Order Granting Defendant's Motion to Transfer Venue [*Papasan*, ECF No. 126] (the "*Papasan* Transfer Order"). The *Papasan* Court transferred that action under 28 U.S.C. § 1404(a), in large part based on the *Papasan* Plaintiffs' own representations in their MDL Motion that this action, *Zimmer*, and *Papasan* "share a 'common core of operative factual allegations' that 'predominate over individual questions of act' specific to any one action; (2) there were 'efficiencies to be gained through coordinated discovery and motion practice' that would 'minimize duplication of effort and burden on all parties'; and (3) centralization would 'minimize the risk of inconsistent rulings,' and accordingly, a propensity for 'forum and judge shopping.'" *Papasan* Transfer Order at 3-4. Indeed, in their MDL Motion, the *Papasan* Plaintiffs represented that the three actions are "nearly identical" and that the actions should therefore "be centralized and consolidated in the same forum." MDL Motion at 1, 6. In light of the *Papasan* Plaintiffs' representations, the *Papasan* Court also observed that "it is feasible that this case will be consolidated with *Varner/Zucconi* and *Zimmer* upon transfer." *Papasan* Transfer Order at 5.

8. Dometic notified the Court of the *Papasan* Transfer Order on March 19, 2018 [ECF No. 264]. *Papasan* was subsequently assigned to the Honorable Judge Ungaro. *See* Notice of Assignment [*Papasan*, 128]. Dometic then informed Judge Ungaro of the pendency of this action pursuant to Southern District of Florida Local Rule 3.8. *See* Notice of Pending, Refiled, Related

or Similar Actions [*Papasan*, ECF No. 136].

9. This action was stayed pending the outcome of the *Zimmer* Transfer Motion and the *Papasan* Transfer Motion. *See* ECF No. 261. As described above, both Transfer Motions have been resolved in favor of transfer to the Southern District of Florida.

10. Rule 42(a) of the Federal Rules of Civil Procedure states that "[i]f actions before the court involve a common question of law or fact, the court may: (a) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). It is well-settled that Rule 42 "is a codification of a trial court's inherent managerial power 'to control the disposition of the causes on its dockets with economy of time and effort for itself, for counsel, and for litigants.'" *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) (citing *In re Air Crash Disaster at Fla. Everglades*, 549 F.2d 1006, 1012 (5th Cir. 1977)).

11. Courts in this District have recognized that consolidation "benefit[s] the court and the parties by expediting pretrial proceedings, reducing case duplication, and minimizing the expenditure of time and money by all persons concerned." *Coleman Clearing Corp. v. Gurian (In re Adler)*, 2008 U.S. Dist. Lexis 30521, at *1 (S.D. Fla. April 10, 2008). Thus, where—as here— "the complaints present similar claims for relief based upon a single course of conduct," consolidation is appropriate since it "promotes judicial economy by streamlining and simplifying pre-trial and discovery issues." *Id*; s*ee also Newman v. Eagle Bldg. Techs.*, 209 F.R.D. 499, 501-502 (S.D. Fla. July 31, 2002) (finding that class actions were "ideally situated for consolidation" since they were "based upon a single course of conduct" and consolidation would therefore "promote judicial economy by streamlining and simplifying pre-trial, discovery and class certification issues, and by reducing waste, confusion, and delay that would result from multiple

4

trials").

12. The Parties agree that *Zimmer* and *Papasan* share common questions of law and fact with this action. As in this action, the *Zimmer* and *Papasan* Plaintiffs allege that the cooling units in Dometic-branded gas absorption refrigerators share a common, inherent, and dangerous design defect that exists in the boiler assembly of the cooling unit and causes the unit to prematurely develop cracks that purportedly release highly flammable hydrogen and ammonia. *See Zimmer* Complaint, Case No. 2:17-cv-06913,[ECF No. 1] ("*Zimmer* Compl."), ¶¶ 1-3, 188; *Zucconi* Complaint, Case No. 1:17-cv-23197 [ECF No. 1] ("*Zucconi* Compl."), ¶¶ 3, 77; *Papasan* Second Amended Complaint, Case No. 4:16-cv-02117-HSG [ECF No. 93] ("*Papasan* SAC"), ¶¶ 19, 158, 176, 290. The complaints describe the alleged defect in similar terms, claiming that it results from "cost saving thin . . . steel tubing for the boiler tube assembly, and a cooling solution made of highly corrosive ammonia and water." *Zimmer* Compl. ¶ 176; *Zucconi* Compl. ¶ 74; *Papasan* Compl. ¶¶ 155-161. And the complaints bring state consumer protection and implied warranty claims on behalf of the putative classes. *Zimmer* Compl. ¶¶ 248-388; *Zucconi* Compl. ¶¶ 139-203; *Papasan* Compl. ¶¶ 263-326, 375-392.

13. In addition, the three actions bring claims on behalf of substantially similar putative classes. In particular, all three complaints seek to bring claims on behalf of "all purchasers" of the subject refrigerators on the grounds that putative class members were denied the benefit of the bargain. *Zimmer* Compl. ¶¶ 129, 134, 139; *Zucconi* Compl. ¶¶ 117-18; *Papasan* Compl. ¶¶ 9, 238, 274, 324, 374, 441, 478, 535. Moreover, both this action and the *Papasan* action are brought on behalf of a putative nationwide class of consumers, and thereby include the putative class members in the *Zimmer* action.

14. In light of the above, the *Zimmer* Plaintiffs—who are also represented by the

5

undersigned—agree that consolidation is appropriate. However, the *Papasan* Plaintiffs have indicated that they will oppose consolidation. It is unclear to the Parties on what grounds the *Papasan* Plaintiffs could legitimately oppose consolidation. Indeed, they affirmatively represented in their MDL Motion that "[t]he actions involve common questions of fact and law and should be centralized and consolidated in the same forum." MDL Motion at 6 (further stating that "[c]onsolidated pretrial treatment … will assist the parties and the courts in avoiding duplicative and conflicting rulings on the common issues in dispute").

15. Given the substantial similarity between the parties and issues in the three actions, the Parties and the *Zimmer* Plaintiffs agree that consolidation is appropriate and would not result in any confusion of issues or prejudice to any of the parties. The Parties and the *Zimmer* Plaintiffs further agree that consolidation would preserve judicial resources and alleviate the significant burden and expense of litigating the three cases separately.

16. Further, the Parties respectfully request the Court set a pretrial conference pursuant to Fed. R. Civ. P. 16 at the next available date to address, *inter alia*: (a) consolidation of proceedings, including the filing of a consolidated amended class action complaint; (b) a scheduling order regarding discovery, expert witness reports and motion practice; and (c) an order requiring a global mediation 45 days from the resolution of this Motion to be attended by all parties and counsel then pending before this Court, that will continue the mediation being supervised by Bruce Greer.[1] The Parties consent to Bruce Greer continuing to serve in this role. The Parties also

---

[1] Fed R. Civ. P. 16(a) provides as follows: "(a) PURPOSES OF A PRETRIAL CONFERENCE. In any action, the court may order the attorneys and any unrepresented parties to appear for one or more pretrial conferences for such purposes as: (1) expediting disposition of the action; (2) establishing early and continuing control so that the case will not be protracted because of lack of management; (3) discouraging wasteful pretrial activities; (4) improving the quality of the trial through more thorough preparation; and (5) facilitating settlement."

respectfully request that they have until 14 days prior to any Rule 16 conference to submit a joint pretrial statement pursuant to Fed. R Civ. P. 26(f).

17.     In addition, the Parties agree that the prospect for consolidation may result in a consolidated class action complaint. Thus, the undersigned counsel agree that Plaintiffs need not respond to Dometic's Motion to Dismiss the *Zucconi* Complaint [ECF No. 246] and that Dometic need not respond to the *Zimmer* Plaintiffs' Complaint [Zimmer, ECF No. 1] while this Motion is pending. The parties further agree that these deadlines, and any other deadlines, should remain stayed pending the Rule 16 conference reference above. The parties will file stipulations to this effect on the respective dockets.

18.     For the foregoing reasons, the Parties respectfully request that the Court grant this Motion and consolidate *Papasan* and *Zimmer* with this action.

Dated: March 20, 2018

| | |
|---|---|
| */s/ Adam Moskowitz*<br>Adam M. Moskowitz, Esq.<br>adam@moskowitz-law.com<br>Florida Bar No. 984280<br>**THE MOSKOWITZ LAW FIRM**<br>2 Alhambra Plaza<br>Suite 601<br>Coral Gables, FL 33134<br>Telephone: 305 740 1423<br>Fax:<br><br>Hart L. Robinovitch, Esq.<br>hart.robinovitch@zimmreed.com<br>Caleb Marker, Esq.<br>Caleb.Marker@zimmreed.com<br>**ZIMMERMAN REED, LLP**<br>14646 N. Kierland Blvd.<br>Suite 145<br>Telephone: (480) 348-6400<br>Facsimile: (480) 648-6415<br>*Counsel for Plaintiffs*<br>*(pro hac vice to be filed)*<br><br>Jack Scarola, Esq.<br>Florida Bar No. 169440<br>jsx@searcylaw.com<br>**SEARCY DENNEY SCAROLA BARNHART & SHIPLEY PA**<br>2139 Palm Beach Lakes Blvd.<br>West Palm Beach, FL 33409<br>Telephone: (561) 686-6300<br>Fax: (561) 383-9451<br><br>*Counsel for Plaintiffs* | */s/ Erica Rutner*<br>Erica Rutner (Fla. Bar No. 0070510)<br>erutner@lashgoldberg.com<br>Martin G. Goldberg (Fla Bar No. 0827029)<br>mgoldberg@lashgoldberg.com<br>Greg J. Weintraub (Fla Bar No. 0075741)<br>gweintraub@lashgoldberg.com<br>**LASH & GOLDBERG LLP**<br>Miami Tower<br>100 S.E. 2nd Street, Suite 1200<br>Miami, FL 33131<br>Telephone: (305) 347-3166<br>Fax: (305) 347-4050<br><br>Edward Soto (Fla. Bar No. 0265144)<br>Edward.Soto@weil.com<br>Lara Bach (Fla. Bar No. 0086734)<br>Lara.Bach@weil.com<br>Pravin R. Patel (Fla. Bar No. 0099939)<br>Pravin.Patel@weil.com<br>Corey Brady (Fla. Bar No. 0119859)<br>Corey.Brady@weil.com<br>**WEIL, GOTSHAL & MANGES LLP**<br>1395 Brickell Avenue, Suite 1200<br>Miami, Florida 33131<br>Telephone: (305) 577-3100<br>Fax: (305) 374-7159<br><br>*Counsel for Defendant Dometic Corporation* |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 20, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to all parties at the email addresses on file with the Clerk of Court.

*/s/ Erica Rutner*
Erica Rutner (Fla. Bar No. 0070510)
erutner@lashgoldberg.com
**LASH & GOLDBERG LLP**
Miami Tower
100 S.E. 2nd Street, Suite 1200
Miami, FL 33131
Telephone: (305) 347-3166
Fax: (305) 347-4050

*Counsel for Defendant Dometic Corporation*