**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No. 1:16-cv-22482-RNS

CATHERINE PAPASAN, PAULA MEURER,
TIMOTHY CHERRY, KURT SHOEMAKER, SR,
GWENDOLYN AND LOUIS KING, RICHARD
AND LEAH VOLLBERG, GEORGE ZUCCONI
GARY GRAUS, ANDREW YOUNG,
CHRISTOPHER JOHNSTON, JAMES JACKSON,
JIMMY BYERS, RICHARD LANDSHEFT,
SANDRA GREENE, NELSON AND MARJORIE
GOEHLE, JILL AND SID GARRETT, and all
persons similarly situated,

                              Plaintiffs,

           v.

DOMETIC CORPORATION, a Delaware
Corporation,

                              Defendant.

**PLAINTIFFS' LIMITED RESPONSE TO DEFENDANT'S REQUEST FOR EXPEDTIED BRIEFING ON MOTION TO STRIKE**

Plaintiffs hereby file this limited response specifically to oppose the request that the briefing on Defendant's motion to strike [ECF No. 352] be handled on an expedited basis under Local Rule 7.1(d)(2).[1]

Plaintiffs submit that there is no need for expedited briefing for multiple, independent reasons. First, although Plaintiffs dispute that their disclosures were untimely, any alleged delay in disclosure by Plaintiffs was mainly due to Defendant's own delays in delivering its expert document production to Plaintiffs. Specifically, Dometic agreed that Plaintiffs would have until March 13 to file any rebuttal reports as a result of Dometic's late production of Sonya Kwon's materials. Second, there will be no prejudice to Defendant as it has until April 11 to file its response to Plaintiffs' motion for class certification. Further, Defendant cannot credibly claim surprise by any of the expert reports. Repeatedly, while the parties were scheduling depositions and drafting

---

[1] Unless ordered by the Court, Plaintiffs intend to respond to Defendant's motion to strike in the ordinary course under the Local Rules.

1

the stipulation for an extension [ECF No. 339], Plaintiffs advised Dometic that they interpreted the Court's scheduling order to permit rebuttal reports, consistent with the Federal Rules, and that they intended to file rebuttal reports to all of Dometic's experts. For example, in an email exchange dated January 17, 2019, [Ex. A][2] Plaintiffs' counsel advised Dometic:

> I don't think that Defendant can prevent Plaintiffs from addressing the points made by their experts by titling their expert report as a rebuttal opposed to an affirmative opinion, and obviously we are not in a position to address what you actually file until we see it next month.  I would suggest making the current motion neutral on that that issue and just deal with the deadlines, by including similar language ("Rebuttal disclosures are permitted, and must conform to the deadline set forth in Federal Rule of Civil Procedure 26(a)(2)(D)(ii).")

In agreeing to the stipulation, Plaintiffs reserved their right to serve rebuttal reports:

> ….That being said, in an effort to compromise Plaintiffs are willing to agree to an extension to the deadline for Defendant's expert report rebutting Dr. Glasgow's report to February 13, 2019 provided that we can agree: (1) Plaintiffs still receive a full 30 days from the date of service to consider Defendant's expert's report and to submit any rebuttal report[.]

In an email dated February 12, 2019, [Ex. B] Plaintiffs revisited their intent to serve rebuttal reports:

> On dates and related deadlines, we will need to discuss because to the extent we are entitled to submit rebuttal reports, under the December 10 scheduling order we need to do that within 30 days from service of Defendants' expert reports and therefore, need the depositions within that period.

And when the parties reached a compromise on their joint filing, Plaintiffs' counsel agreed to Dometic's proposed language that avoided the parties' dispute on Plaintiffs' right to serve rebuttals. [Ex. C]

Finally, Defendant failed to meet and confer concerning its request as it never informed Plaintiffs that it would be seeking expedited treatment of this motion in any meet and confer request. [Ex. D]

The Court may deny a motion for failure to comply with the local rules, including failure to make good faith efforts to confer. *See Gonzalez v. Batmasian*, No. 9:16-cv-81696, 2017 WL 698604, at *1 (S.D. Fla. Feb. 17, 2017); *Reese v. Herbert*, 527 F.3d 1253, 1264 (11th Cir. 2008)

---

[2] All exhibits referenced herein are attached to the Robinovitch Declaration filed concurrently herewith.

(noting district court could have denied motion for failure to comply with the local rules, rather than addressing it on the merits); *Trinos v. Quality Staffing Servs. Corp.*, 250 F.R.D. 696, 698 (S.D. Fla. 2008) ("Plaintiffs' counsel has not engaged in a good faith attempt to resolve this dispute without Court intervention as required by Local Rule 7.1(A)(3), and the Court is entitled to deny the motion on these grounds alone."). Because Defendant failed to make any effort to resolve the request to expedite, the request should be denied.

**WHEREFORE**, Plaintiffs respectfully submit that Defendant's request to expedite the briefing related to its ill-conceived motion to strike should be denied. Plaintiffs intend to file a vigorous response within the time allowable under the rules.

Respectfully submitted this 22nd day of March, 2019.

/s/ *Adam M. Moskowitz*

**THE MOSKOWITZ LAW FIRM, PLLC**
Adam Moskowitz
Florida Bar No. 984280
Howard M. Bushman
Florida Bar No. 0364230
Joseph M. Kaye
Florida Bar No. 117520
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423
Email: howard@moskowitz-law.com
Email: adam@moskowitz-law.com
Email: joseph@moskowitz-law.com
Secondary: dione@moskowitz-law.com
Secondary: alex@moskowitz-law.com

**LAW OFFICES OF TERRENCE A. BEARD**
Terrence A. Beard
3240 Lone Tree Way, Suite 101
Antioch, CA  94509
Telephone: (925) 778-1060
TBeard1053@aol.com

**HAGENS BERMAN SOBOL SHAPIRO LLP**
Thomas E. Loeser
Steve W. Berman
Barbara A. Mahoney
1301 Second Ave., Suite 2000
Seattle, WA  98101
Telephone: (206) 623-7292

       Facsimile: (206) 623-0594
       steve@hbsslaw.com
       toml@hbsslaw.com
       barbaram@hbsslaw.com

       **ZIMMERMAN REED, LLP**
       Hart L. Robinovitch (admitted *pro hac vice*)
       hart.robinovitch@zimmreed.com
       14646 N. Kierland Blvd., Suite 145
       Scottsdale, AZ 85254
       (480) 348-6400 Telephone
       (480) 348-6415 Facsimile

       Caleb Marker (admitted *pro hac vice*)
       caleb.marker@zimmreed.com
       2381 Rosecrans Ave., #328
       Manhattan Beach, CA 90245
       (877) 500-8780 Telephone
       (877) 500-8781 Facsimile

       **SEARCY DENNEY SCAROLA BARNHART & SHIPLEY PA**
       Jack Scarola, Esq.
       Florida Bar No. 169440
       jsx@searcylaw.com
       2139 Palm Beach Lakes Blvd.
       West Palm Beach, FL 33409
       Telephone: (561) 686-6300
       Fax: (561) 383-9451

       *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

  I hereby certify that on March 22, 2019, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Southern District of Florida by using the CM/ECF system, which sent notification of such filing to all CM/ECF participants.

       By: */s/ Adam M. Moskowitz*
         Adam M. Moskowitz