**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:16-cv-22482-RNS**

| | |
|---|---|
| CATHERINE PAPASAN, PAULA MEURER, TIMOTHY CHERRY, KURT SHOEMAKER, SR, GWENDOLYN AND LOUIS KING, RICHARD AND LEAH VOLLBERG, GEORGE ZUCCONI GARY GRAUS, ANDREW YOUNG, CHRISTOPHER JOHNSTON, JAMES JACKSON, JIMMY BYERS, RICHARD LANDSHEFT, SANDRA GREENE, NELSON AND MARJORIE GOEHLE, JILL AND SID GARRETT, and all persons similarly situated, <br><br>                          Plaintiffs, <br><br> v. <br><br> DOMETIC CORPORATION, a Delaware Corporation, <br><br>                          Defendant. | No. 16-cv-22482-SCOLA/OTAZO-REYES |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO
DOMETIC'S OBJECTION [ECF NO. 384] TO ORDER DENYING DOMETIC'S
MOTION TO STRIKE THE REBUTTAL REPORTS OF PLAINTIFFS' EXPERTS
<u>ORION KIEFFER, PETER LAYSON AND DR. GARRETT GLASGOW [ECF NO. 368]</u>**

## I.  INTRODUCTION

Plaintiffs submit this response in opposition to Defendant Dometic Corp.'s ("Defendant" or "Dometic") objection to Magistrate Judge Otazo-Reyes's Order denying Defendant's Motion to Strike the rebuttal reports of Plaintiffs' experts Orion Kieffer, Peter Layson ("AEGI Rebuttal Report") and Dr. Garrett Glasgow ("Glasgow Rebuttal Report"). [ECF No. 368]. Plaintiffs respectfully urge the Court to overrule all objections and affirm Magistrate Judge Otazo-Reyes's Order denying the Motion to Strike.

In its objection [ECF No. 384], Dometic argues that Magistrate Judge Otazo-Reyes committed clear error when she denied its Motion to Strike, but Dometic's objections do not demonstrate clear error and are, in fact, easily refuted. First, Dometic wrongly contends that Judge Otazo-Reyes misinterpreted Dometic's counsel's email to waive procedural objections to Plaintiffs' rebuttal reports. To the contrary, the Magistrate Judge fully considered and rejected on the merits Dometic's sole "procedural" objection, *i.e.*, that Plaintiffs' experts allegedly served unauthorized "sur-replies." The Magistrate Judge correctly found that the Court's scheduling order permitted rebuttal reports, a fact "acknowledged" by the subject email correspondence exchanged between the parties' counsel. [ECF No. 368], at *3, 5. Magistrate Otazo-Reyes then correctly held that Defendant "has not proffered any substantive basis to strike the Glasgow Rebuttal Report." *Id.* at *5. Second, Dometic wrongly accuses Magistrate Judge Otazo-Reyes of wrongly "permitting" AEGI to offer an opinion on causation for the first time in rebuttal. In fact, by quoting the critical language from AEGI's opening report referencing the King fire, the Magistrate Judge revealed Dometic's false procedural history for what it is.

## II.  RELEVANT BACKGROUND

Through its motion, Defendant seeks to strike the rebuttal reports of Plaintiffs' experts, claiming that they were "improper" sur-rebuttals and untimely.[1] [ECF No. 352]. Defendant is mistaken. The AEGI Rebuttal Report contradicts facts and opinions set forth in the Amy Gray, Richard Baron and Walter Oliveaux expert reports served by Defendant. The Glasgow Rebuttal Report contradicts the facts and opinions set forth in the expert reports of Dr. Cantor, Doug Lown, Sonya Kwon, Dominique Hanssen, and David Duffus served by Defendant. As the Court's

---

[1] The AEGI Rebuttal Report and Glasgow Rebuttal Report are in the record as ECF No. 348, Exs. 45, 58. The initial AEGI Report and Glasgow Report are in the record as ECF No. 346, Exs. 5–6.

scheduling order contemplated rebuttal reports being served within 30 days of any expert report, there is nothing untimely about the rebuttal reports Defendant seeks to now have the Court strike as untimely.

All of Plaintiffs' expert reports have been timely served. Plaintiffs made their initial expert disclosures on January 4, 2019, by serving the initial expert witness reports of Orion Keifer M.E. and Peter Layson of AEGI ("AEGI Report"), as well as Dr. Garrett Glasgow ("Glasgow Report"). *See* [ECF No. 346] at Exs. 5 and 6. The AEGI Report, *inter alia,* described the common design defect in the subject Dometic gas absorption refrigerators and how the defect manifests in the units' boiler tubes upon first use. Dr. Glasgow's report, *inter alia*, explained the conjoint analysis that he conducted to determine that each Plaintiff and class member was overcharged at the point of sale due to Dometic's common omissions of material facts regarding the defect and continuing risks. [ECF No. 346] at Ex. 6.

On February 4, 2019 Defendant served the reports of several of its testifying experts, including Richard Baron, Amy Gray, David Duffus, Dominique Hanssens, Sonya Kwon, Doug Lown, Kim May, Gary Coggins, and Walter Oliveaux. On February 14, 2019 Defendant served the report of an additional expert witness, Diane Cantor, Ph.D.[2]

Plaintiffs, therefore, had 30 days from February 14 to submit a rebuttal report addressing Dr. Cantor's opinions. [ECF No. 323]. In subsequent discussions between counsel, it was made clear that Dr. Glasgow would be submitting a rebuttal report to address several of Defendant's experts' reports, including Dr. Cantor. In turn, to avoid piecemeal rebuttal reports, the parties exchanged e-mails agreeing to a brief extension so Dr. Glasgow (as well as AEGI) could serve a single report rebutting the opinions of all experts he was responding to on March 13, 2019, with Defendant reserving its rights. *See* [ECF No. 353-1] at Exs. A–C. The class certification motion would then be served the following day, March 14, 2019. *See* Joint Motion for Scheduling Modifications, at *1 [ECF No. 339]

On March 13, 2019 Plaintiffs did exactly that and served three expert rebuttal reports: the AEGI Rebuttal Report, the Glasgow Rebuttal Report and the Rebuttal Report of Elizabeth Howlett,

---

[2] The parties stipulated to the brief extension of time for Defendant to serve certain expert reports. [ECF Nos. 325–326].

Ph.D.[3] *See* [ECF No. 348]. The Glasgow Rebuttal Report responded to five (5) of Defendant's expert witnesses (Dr. Cantor, Doug Lown, Sonya Kwon, Dominique Hanssen, and David Duffus), while the AEGI Rebuttal Report responded to the reports of three of Defendant's expert witnesses (Amy Gray, Richard Baron and Walter Oliveaux).[4] The next day, Plaintiff filed their motion for class certification. [ECF Nos. 344–348]. This motion followed.

### III.   ARGUMENT

#### A.   Standard of Review

The standard for overruling a magistrate judge's decision on a non-dispositive matter under Fed. R. Civ. P. 72(a) is "extremely deferential."[5] To satisfy the "rarely invoked" clear error exception, the magistrate's "'decision must strike [the Court] as more than just maybe or probably wrong; it must . . . strike [the Court] as wrong with the force of a five-week-old, unrefrigerated dead fish.'"[6]

Further, the underlying standard to have expert reports stricken is extremely high and Defendant's arguments show that it was not close to being satisfied, as the Magistrate Judge correctly found. "The test under [Fed. R. Civ. P.] 26(a)(2)(D)(ii) is not whether a rebuttal report contains new information, but whether it is 'intended solely to contradict or rebut evidence on the same subject matter' of an opponent's expert report." *Teledyne Instruments, Inc. v. Carins*, No. 6:12-cv-854-Orl-28TBS, 2013 WL 5781274, at *17 (M.D. Fla. Oct. 25, 2013) (citing Fed. R. Civ. P. 26(a)(2)(D)(ii)). To that end, in order to be considered a rebuttal report, "[a]ll that is required is for the information *to repel other expert testimony*." *Id.*, at *16 (*citing Lott v. ITW Food Equip. Grp., LLC*, No. 10CV1686, 2013 WL 3728581, at *21–22 (N.D. Ill. July 15, 2013) and *Crowley v. Chait*, 322 F. Supp. 2d 540, 551 (D. N.J. 2004) (emphasis added)).

Rebuttal report are proper if they contain "an elaboration of and [are] consistent with an opinion/issue previously addressed' in the expert report." *Pritchard v. Dow Agro Scis.*, 263 F.R.D.

---

[3] Dr. Howlett's rebuttal report (ECF No. 348, Ex. 46), responding to the opinions of Dominique Hanssens and Sonya Kwon is not subject to the instant motion to strike.

[4] In its reply brief [ECF No. 362], Defendant all but abandoned its challenge to Dr. Glasgow's Rebuttal Report, choosing not to even address Plaintiff's arguments in opposition to its motion.

[5] *Gables Condominium & Club Ass'n v. Empire Indemnity Insurance Co.*, 2019 U.S. Dist. LEXIS 47919, at *32 (S.D. Fla. Mar. 22, 2019).

[6] *Id.* (quoting *Parts & Elec. Motors v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988)).

277, 285–86 (W.D. Pa. 2009)(citations omitted).[7] Expert rebuttal reports are permitted to address criticisms of their initial analysis and clarify how those criticisms are misplaced. "Supplemental declarations from experts that merely respond to specific *Daubert* criticisms or 'harmlessly repeat information provided in the earlier reports' do not violate Rule 26." *In re Fluidmaster Inc., Water Connector Components Prods. Liab. Litig.*, No. 14-cv-5696, 2017 WL 1196990, at *16 (N.D. Ill. Mar. 17, 2017) (citing *Allgood v. Gen. Motors Corp.*, No. 102CV1077DFHTAB, 2006 WL 2669337, at *5 (S.D. Ind. Sept. 18, 2006)). Such clarifying declarations from experts are "routine." *Id.*

Moreover, "[t]he rules do not require parties or their expert witnesses to anticipate all foreseeable opposing arguments and meet those arguments in their initial reports. 'Such a rule would lead to the inclusion of vast amounts of arguably irrelevant material in an expert's report on the off chance that failing to include any information in anticipation of a particular criticism would forever bar the expert from later introducing the relevant material.'" *Teledyne*, 2013 WL 5781274 at *17 (quoting *Crowley*, 322 F. Supp. 2d at 551) (expert may include material in rebuttal report even though material could have been included in initial report)).

"The district court has broad discretion in deciding what constitutes proper rebuttal evidence." *Rent-A-Center, Inc. v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597. 601 (9th Cir. 1991). Even when expert reports are determined to be untimely, "the Court should use its discretion" in determining whether to tallow the report under "the following factors: '(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.'" *In re Cessna 208 Series Aircraft Prods. Liab. Litig.*, No. MDL 1721, 2008 WL 4937651, at *3 (D. Kan. Nov. 17, 2008) (quoting *Woodworker's Supply, Inc. v. Principal Mut. Life*, 170 F.3d 985, 993 (10th Cir. 1999)) (finding no harm where untimely disclosure did not impact trial dates, there was no evidence that plaintiff acted in bad faith, defendant had time to continue deposition of expert, and opinions were substantially similar).

---

[7] *See also Johnson v. Arkema, Inc.*, No. W-09-CV-107, 2010 WL 11506972, at *16 (W.D. Tex. Dec. 16, 2010) (expert rebuttal report that elaborates on earlier opinions properly allowed); *Fulton Financial Advisors v. NatCity Investments, Inc.*, No. 09-4855, 2016 WL 5461897, at *3 (E.D. Pa. Sept. 28, 2016) ("However, a rebuttal report is permissible 'if it contains merely 'an elaboration of and [is] consistent with an opinion/issue previously addressed' in the expert report."); *Haskins v. First Am. Title Ins. Co.*, No. 10-5044, 2013 WL 5410531, *2 (D. N.J. Sept. 26, 2013) (same).

As Magistrate Judge Otazo-Reyes correctly found, Defendant's motion to strike fails to meet the necessary standard to have the rebuttal reports striken.

**B.     The Magistrate Judge thoroughly reviewed the parties' extensive submissions and permitted the parties to argue their respective positions for nearly an hour.**

Magistrate Judge Otazo-Reyes thoroughly reviewed Dometic's Expedited Motion to Strike Plaintiffs' Experts' Improper "Rebuttal" Opinions [ECF No. 352], Plaintiffs' Response in Opposition to Defendant's Expedited Motion [ECF No. 353] Plaintiffs' Response in Opposition to Defendant's Motion to Strike Plaintiffs' Experts' Improper "Rebuttal" Opinions [ECF No. 353], Plaintiff's Response in Opposition, Dometic's Limited Reply in Support of Its Expedited Motion to Strike Plaintiffs' Experts' Improper "Rebuttal" Opinions [362], and the sixteen total attachments the parties submitted with their briefs. The Magistrate Judge devoted nearly an hour to oral arguments before issuing her carefully considered written order on April 10, 2019. *See generally*, Transcript of April 8, 2019 Motion Hearing, attached as [ECF No. 384-1]

**C.     The Magistrate Judge addressed and correctly ruled on Dometic's only procedural objection.**

As its first objection, Dometic argues that the Court incorrectly found that it had waived any objection to Plaintiffs' rebuttal reports in its counsel's March 4 email. [ECF No. Nos. 353-1 at 4-5, 355-1 at 2]. But in determining whether Plaintiffs had permission to serve rebuttal reports, the Magistrate Judge relied not only Dometic's counsel's March 4 email but more importantly on this Court's Amended Scheduling Order, which , the Magistrate Judge found "expressly permitted each side to file expert reports and rebuttal reports."[8] Judge Otazo-Reyes relied on Dometic's counsel's email agreeing to the March 13 deadline, merely to confirm that both parties "acknowledged" and thus understood Plaintiffs' right to serve rebuttal reports.. *See* ECF No. 368 at *5 ("However, the Amended Scheduling Order expressly permitted each side to file expert reports and rebuttal reports. See, Amended Scheduling Order [ ECF No. 323]. Moreover, Defendant acknowledged Plaintiffs' right to serve rebuttal reports when it argued Plaintiff could do so by March 13, 2019.")[9]

---

[8] Order, dated Apr. 10, 2019, ECF No. 368 at 5 (citing Amended Scheduling Order, ECF No. 323).

[9] *Id., see also* Dometic's Objections to Order on Dometic's Expedited Motion to Strike Plaintiffs' Experts' Improper "Rebuttal" Opinions**,** ECF No. 384 at 3.

Dometic raises only one "procedural" argument: that Plaintiffs' expert rebuttal reports constituted sur-rebuttals,[10] an argument clearly reflected in the Magistrate's order, albeit as a substantive objection.[11] Specifically, Dometic's sole objection to Dr. Glasgow's Rebuttal Report was "that the report is intended only to explain why criticisms of his original report are incorrect," in other words that it refuted Dometic's experts.[12] The Magistrate Judge properly characterized the Glasgow Rebuttal Report as permissible rebuttal opinion as it constituted "information to repel the other party's expert testimony"[13] and concluded that by Dometic's own terms it did "not proffer any substantive basis to strike the Glasgow Rebuttal Report[.]"[14]

The record confirms that the Magistrate Judge was correct in denying the motion to strike the Glasgow Rebuttal Report as that report responded to the opinions of five (5) of Defendant's expert witnesses, each citing new facts. Defendant's contention that the Glasgow Rebuttal Report did not "counter new facts" offered by Defendant's experts is simply wrong. Each of the five expert reports that Glasgow responded to in his rebuttal report attempted to introduce new facts, which Dr. Glasgow properly refuted by explaining how those factual contentions were wrong and/or misplaced, and had no bearing on his conclusions. Glasgow Rebuttal Report at ¶¶ 4, 88 ("4. …Specifically, this report responds to the opinions of Dr. Cantor, Mr. Duffus, Dr. Hanssens, Ms. Kwon, and Mr. Lown. None of their opinions gives me cause to modify my calculations or alter any of my conclusions.").[15] Defendant's attempt to focus primarily on Dr. Glasgow's rebuttal of Dr. Cantor's report, claiming Cantor's report was mere rebuttal (to which any response would be improper surrebuttal), is also misplaced as Cantor herself introduced and relied on numerous new facts to critique Dr. Glasgow's analysis, including those contained in and adopted from the reports

---

[10] [ECF No. 384] at 2.

[11] [ECF No. 368] at 4.

[12] Defendant Dometic Corp.'s Expedited Motion to Strike Plaintiffs' Experts' Improper "Rebuttal" Opinions, [ECF No. 352] at 9.

[13] [ECF No. 368] at 5 (relying on *Teledyne Instruments v. Carins*, 2013 WL 5781274, at *17 (M.D. Fla. Oct. 25, 2013)

[14] [ECF No. 368] at 5.

[15] *See* Glasgow Rebuttal Report at ¶¶ 3–6, 21–87 (rebutting opinions and facts offered by Cantor in her report); ¶¶ 4, 73–74, 88 (rebutting opinions and facts offered by Kwon in her February 14 report); ¶¶ 3–6, 44, 71, 75, 88 (rebutting opinions and facts offered by Hanssens in his February 4 report); ¶¶ 4–10, 17, 76, 88 (rebutting opinions and facts offered by Lown in his February 4 report); ¶¶ 2–10, 11–20 (rebutting opinions and facts offered by Duffus in his February 4 report).

of other experts including, Kwon's, Hanssens', Lown's, and Duffus'. A cursory review of Dr. Cantor's report shows that she cites and relies on new facts introduced by Kwon, Lown, Hanssens and/or Duffus. *Compare,* Cantor Report ¶¶ 22, 38, 64–65 (relying on new facts introduced in Ms. Kwon's report) *with* Glasgow Rebuttal Report at ¶¶ 72–75 (citing Cantor, Kwon, and Hanssens reports).[16] As such, it was entirely proper for Dr. Glasgow to respond to those contentions in his rebuttal report and explain how they were misplaced.

Rebuttal reports, that "contradict or rebut evidence on the same subject matter' of an opponent's expert report", as Dr. Glasgow produced, are entirely proper. *Teledyne Instruments,* 2013 WL 5781274 at *17. Defendant never responded to this issue in its reply brief or at oral argument. Therefore, the Magistrate Judge correctly found that Defendant failed to provide any "substantive basis" to strike the Glasgow Rebuttal Report.

For the same reason, the Magistrate Judge also rejected Dometic's characterization of AEGI's opinions on the King fire and the weld-process improvements, as "sur-replies," given that the former rebuts Dometic's expert, Mr. Oliveaux and the latter refutes the report of Dometic's expert, Dr. Baron.[17] The Judge deemed Dometic's high rupture and defect theory arguments "too specious and convoluted to merit further discussion," a ruling that Dometic does not attempt to reopen.[18] The Amended Scheduling Order specifically provided Plaintiff the right to serve rebuttal expert reports responding to facts introduced by Defendant's experts Oliveaux and Baron.

**D.  The Magistrate Judge correctly ruled that Dometic mischaracterized the record, and that AEGI's opening report opined on the cause of the King RV fire.**

Judge Otazo-Reyes also rejected Dometic's "attempts to paint the AEGI Rebuttal Report as an 'after-the-fact introduction of a causation opinion via a rebuttal report' by relying on Mr. Layson's testimony that he did not generate a specific report on the causation of the King RV fire, though he could have, because he was not asked to."[19] The Judge easily saw through Dometic's

---

[16] *See also* Cantor Report at ¶¶ 28–33, 44–48 and footnotes 11–15, 23 (introducing facts about the "real world supply and pricing considerations of the Dometic Products," citing the Duffus, Hanssens and Lown reports) and Glasgow Rebuttal Report ¶¶ 6-20, 27-36, and 76-79 (responding to the points Cantor, Duffus and Lown make and explaining how their conclusions are incorrect and do not affect his analysis and conclusions).

[17] ECF No. 368 at 5–7.

[18] ECF No. 368 at 7.

[19] ECF No. 368 at 6 (quoting ECF No. 352 at 4).

7

mischaracterization of the record and pointed to the initial AEGI Report, served March 4, where AEGI addressed the King fire in several places concluding: "After reviewing the files for the . . . King . . . [and other Plaintiffs' fires], we find commonality demonstrating that Dometic's design defect is the common root cause of the fire for each of these plaintiffs . . . .'"[20] The initial AEGI Report specifically addressed the King Fire in no less than six places, each opining that the results of AEGI's materials exam were "…consistent with the Dometic refrigerator being the origin and cause of the King fire…" AEGI Report, at pp. 4, 7, 13, 27, 30 and Attachment A-2, p. 2, attached.[21] Notably, AEGI's opening report, *inter alia*, provided a 15-page appendix that addressed the materials examination conducted and included detailed micrograph images demonstrating the specific indications of the King fire that supported its conclusion that the common defect in Dometic's refrigerators led to a leak that caused the King fire.[22] The initial AEGI Report provided:

> The leak was found between the two heater pockets. A portion of the boiler with the flue and heater pockets was sectioned out (Section B) for metallurgical examination. Grinding in from the top of the sample exposed the cross-section of the corrosion pit. Going in from the bottom exposed a through crack. Examination of the crack shows evidence of corrosion. The welds are subject to cyclic stress in thermal transients as the heaters turn on and off. While there is pitting corrosion along the heater pocket welds, the breach was caused by corrosion fatigue. The internal corrosion wand through wall crack were caused by the defective design of the Dometic gas absorption refrigerator boiler tube design, and was consistent with the Dometic refrigerator being the origin and cause of the fire.").

AEGI Report at A-2, p. 2.

In addition, page 30 of AEGI's Opening Report provided two more color micrograph images of the crack on the King refrigerator's cooling unit boiler tube, noting: "Photograph 2: Note the through cracking the boiler tube" and "Photograph 3: A scanning electron micrograph of the crack. Note the corrosion layer adjacent to the crack." Because AEGI offered its opinion on the cause of the King fire in its opening report and not for the first time in rebuttal and because any new opinions it offered on that subject in the AEGI Rebuttal Report rebutted Dometic's own origin and causation expert, the Magistrate Judge properly rejected Dometic's request to strike

---

[20] [ECF No. 368] at 6 (quoting AEGI Report, [ECF No. 346-5] at 8).

[21] "Attachment A" to the initial AEGI Report was AEGI's 15-page analysis of the King fire, but was inadvertently referenced as "Attachment A-2" on pages 13–14 of the main text of AEGI Report, served January 4, 2019, but is actually Attachment A-3."

[22] *See* [ECF No. 346-5] at 13–14.

8

AEGI's opinion on the cause of the King fire as improper rebuttal. See, Transcript at p. 36 ("THE COURT: Well, that is allowed obviously.") [ECF No. 384-1] at *37.

E. **The Magistrate Judge correctly ruled that AEGI's Opinions on the Weld Modifications Were Proper Rebuttal.**

Any objection to the Magistrate Judge's order denying Defendant's Motion to Strike the AEGI Rebuttal Report based on AEGI's opinions addressing weld configurations should also be overruled. As Magistrate Judge Otazo-Reyes made clear in her order, this issue was first raised in this case in the subsequent report of Defendant's expert, Richard Baron, and as such was proper for AEGI to address in its rebuttal report. Defendant retained a different group of engineering experts for the instant case (Baron and Amy Gray), and withdrew its previous engineering expert from the prior *Varner* case (Michael Stevenson). In turn, until Baron's report was served 30 days after AEGI's initial report, AEGI was unaware of what, if anything, Baron and Gray would be offering opinions on. Magistrate Judge Otazo-Reyes' conclusion that Plaintiff need not guess what Defendant's newly-retained experts may opine in subsequent reports, and include those points in their initial report was consistent with case law. *See Teledyne*, 2013 WL 5781274 at *17 ("The rules do not require parties or their expert witnesses to anticipate all foreseeable opposing arguments and meet those arguments in their initial reports. 'Such a rule would lead to the inclusion of vast amounts of arguably irrelevant material in an expert's report on the off chance that failing to include any information in anticipation of a particular criticism would forever bar the expert from later introducing the relevant material.'")(quoting *Crowley*, 322 F. Supp. 2d at 551)(expert may include material in rebuttal report even though material could have been included in initial report)).

F. **There is No Prejudice or Harm to Defendant.**

Even if any rebuttal report was arguably untimely, there is no showing of prejudice or harm to Defendant. Magistrate Judge Otazo-Reyes confirmed this when she confirmed that Defendant had the ability to depose Plaintiff's experts on the opinions set forth in the rebuttal reports at issue. *See* Transcript at pp. 17–20, 27–28 [ECF No. 384-1] ("THE COURT: …You are sort of like saving your powder and hitting them here at the end." "….I mean, that's the whole purpose of expert deposition is to fill out the reports.")

"Rule 37(c) permits a district court to refuse to strike expert reports and allow expert testimony even when the expert report violates Rule 26(a) if the violation is justified or harmless."

9

*Sibley v. Sprint Nextel Corp.*, No. 08-2063-KHV, 2013 WL 1819773, at *7 (D. Kan. Apr. 30, 2013) (citations omitted); *Waste Servs., Inc. v. Waste Mgmt. Inc.*, No. 6:05-cv-320-Orl-22DAB, 2006 WL 51909230, at *1, n.2 (M.D. Fla. Dec. 1, 2006) (declining to strike opinions that went beyond merely rebutting expert damage computations noting that such a severe sanction that was not warranted); *In re Cessna 208 Series Aircraft*, 2008 WL 4937651, at *3 (finding untimely disclosure was harmless); *Sibley*, 2013 WL 1819773 at *8 (finding disclosure of second supplemental expert report was harmless when opposing party did not request supplemental discovery, allowing report).

      Here, Defendant identifies no actual prejudice that has incurred from the rebuttal reports it claims are late. While it generally claimed in its opening brief that it lacks time to "re-depose" Glasgow, Kieffer, and Layson, as the Magistrate Judge confirmed all three experts have already been thoroughly deposed each for a full day and Defendant was not denied the ability to inquire into any topics. No objections were made at the time of the depositions. Further, to the extent additional deposition time or a sur-rebuttal was desired to further explore opinions set forth in the Glasgow and AEGI Rebuttal Reports, there has been no such request. As the above-cited decisions show, to the extent necessary, additional deposition time is a far more reasonable approach than the drastic relief sought by Defendant.

## IV.   CONCLUSION

      Dometic's specious objections to Judge Otazo-Reyes' well-reasoned order fall woefully short of the clear error necessary to overrule the Magistrate Judge's order. The Court should therefore affirm her order.

Dated: May 8, 2019                Respectfully submitted,

                                          /s/ Adam Moskowitz
                                         Adam Moskowitz, FL SBN 984280

                                       *Attorneys for Plaintiffs and putative class*

| | |
|---|---|
| **THE MOSKOWITZ LAW FIRM, PLLC**<br>Adam Moskowitz (FBN 984280)<br>Howard M. Bushman (FBN 0.364230)<br>Joseph M. Kaye (FBN 117520)<br>2 Alhambra Plaza, Suite 601<br>Coral Gables, FL 33134<br>Telephone: (305) 740-1423<br>Email: howard@moskowitz-law.com<br>Email: adam@moskowitz-law.com<br>Email: joseph@moskowitz-law.com<br>Secondary: dionne@moskowitz-law.com<br>Secondary: alex@moskowitz-law.com<br>Secondary: jaymie@moskowitz-law.com<br><br>*Attorneys for Plaintiffs and putative class* | **ZIMMERMAN REED, LLP**<br>Hart L. Robinovitch (admitted *pro hac vice*)<br>hart.robinovitch@zimmreed.com<br>14646 N. Kierland Blvd., Suite 145<br>Scottsdale, AZ 85254<br>(480) 348-6400 Telephone<br>(480) 348-6415 Facsimile<br><br>Caleb Marker (admitted *pro hac vice*)<br>caleb.marker@zimmreed.com<br>2381 Rosecrans Ave., #328<br>Manhattan Beach, CA 90245<br>(877) 500-8780 Telephone<br>(877) 500-8781 Facsimile<br>*Attorneys for Plaintiffs and putative class* |
| **SEARCY DENNEY SCAROLA BARNHART & SHIPLEY PA**<br>Jack Scarola, Esq.<br>Florida Bar No. 169440<br>jsx@searcylaw.com<br>2139 Palm Beach Lakes Blvd.<br>West Palm Beach, FL 33409<br>Telephone: (561) 686-6300<br>Fax: (561) 383-9451<br><br>*Attorneys for Plaintiffs and putative class* | **HAGENS BERMAN SOBOL SHAPIRO LLP**<br>Steve W. Berman<br>Thomas E. Loeser (admitted *pro hac vice*)<br>Barbara Mahoney (*Pro hac vice* application to be filed)<br>1918 Eighth Avenue, Suite 3300<br>Seattle, WA 98101<br>Telephone: (206) 623-7292<br>Facsimile: (206) 623-0594<br>steve@hbsslaw.com<br>toml@hbsslaw.com<br>barbara@hbsslaw.com<br><br>*Attorneys for Plaintiffs and putative class* |
| **LAW OFFICES OF TERRENCE A. BEARD**<br>Terrence A. Beard (admitted *pro hac vice*)<br>525 Marina Blvd<br>Pittsburg, CA 94565<br>Telephone: (925) 778-1060<br>Facsimile: (925) 473-9098<br>TBeard1053@aol.com<br><br>*Attorneys for Plaintiffs and putative class* | |

## CERTIFICATE OF SERVICE

    I hereby certify that on May 8, 2019 I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Southern District of Florida by using the CM/ECF system, which sent notification of such filing to all CM/ECF participants.

/s/ Adam Moskowitz
Adam Moskowitz (FBN 984280)
THE MOSKOWITZ LAW FIRM, PLLC
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423
Email: adam@moskowitz-law.com

*Attorneys for Plaintiffs and putative class*