# EXHIBIT A

<u>**SETTLEMENT AND RELEASE AGREMENT**</u>

**THIS SETTLEMENT AND RELEASE AGREEMENT** (this "Agreement") is made as of November 1, 2022, by and among Dometic Corporation ("Dometic") and Gary Graus, Timothy Cherry, Richard and Leah Vollberg, Gwendolyn and Louis King, Paula Meurer , Andrew Young, Christopher Johnston, Richard Landsheft, Nelson and Marjorie Goehle, and Jill and Sid Garrett (collectively referred to herein as the "Papasan Plaintiffs", each of whom is entering into this Agreement individually, and severally) (Dometic and each of the Papasan Plaintiffs being referred to herein as a "Party," and all being collectively referred to herein as the "Parties")

WHEREAS, the Parties were previously involved in litigation styled *Papasan, et al. v. Dometic Corporation*, Case No. 3:16-cv-02117, in the United States District Court for the Northern District of California, and in the litigation styled *Papasan et al. v. Dometic Corporation*, Case No. 1:16-cv-22482 in the United States District Court for the Southern District of Florida (collectively, the "Litigation");

WHEREAS, on October 13, 2022, the Parties participated in a court-ordered settlement conference facilitated by Magistrate Judge Alicia M. Otazo-Reyes; and

WHEREAS, during the settlement conference, the Parties reached an agreement concerning the settlement and release memorialized herein, for the purpose of fully and finally settling the disputes relating to the Litigation on the terms set forth in this Agreement.

**NOW, THEREFORE**, in consideration of the foregoing Recitals, the good and valuable consideration exchanged between the Parties, and the mutual promises and covenants hereinafter set forth, the Parties agree as follows:

1.      **Papasan Plaintiffs' Release of Claims**.  By executing this Agreement, the Papasan Plaintiffs hereby fully and finally release all claims, liabilities, demands, causes of action, or lawsuits, debts, damages, costs, attorneys' fees, obligations, judgments, expenses, compensation, or liabilities known or unknown, and whether anticipated or unanticipated, of whatever kind or nature, character, and description—whether legal, statutory, equitable, or of any other type or form, whether under state or federal law, and whether brought in a representative or any other capacity—that the Papasan Plaintiffs did raise or could have raised concerning any Dometic-branded product owned or used by the Papasan Plaintiffs, whether now or at any time in the past (the "Papasan Released Claims").  The Papasan Plaintiffs expressly agree that the releases set forth herein shall apply to Dometic and any and all of Dometic's current or former parents, affiliates, subsidiaries, predecessors, and successors, as well as any of their current or former officers, directors, employees, agents, attorneys, insurers, and reinsurers. By executing this Agreement, the Papasan Plaintiffs further acknowledge that, upon entry of final judgment by the United States District Court for the Southern District of Florida, the Litigation shall by such judgment be dismissed with prejudice, with all Parties to bear their own costs and fees, an order of dismissal with prejudice shall be entered, and all Released Claims shall thereby be conclusively settled, compromised, satisfied, and released by the Papasan Plaintiffs.

2.      **Dometic's Release of Claims**.  By executing this Agreement, Dometic hereby fully and finally releases  all claims, liabilities, demands, causes of action, or lawsuits, debts, damages,

costs, attorneys' fees, obligations, judgments, expenses, compensation, or liabilities known or unknown, and whether anticipated or unanticipated, of whatever kind or nature, character, and description—whether legal, statutory, equitable, or of any other type or form, whether under state or federal law, and whether brought in a representative or any other capacity—that Dometic did raise or could have raised concerning any Papasan Plaintiff, whether now or at any time in the past, specifically including any  costs and/or attorneys' fees against any or all of the Papasan Plaintiffs arising out of the Litigation (the "Dometic Released Claims"). Dometic expressly agrees that the releases set forth herein shall apply to each Papasan Plaintiff and any and all of such Plaintiff's, predecessors, and successors, as well as any of their current or former agents, attorneys, insurers, and reinsurers. By executing this Agreement, Dometic further acknowledges that, upon entry of final judgment by the United States District Court for the Southern District of Florida, the Litigation shall by such judgment be dismissed with prejudice, with all Parties to bear their own costs and fees, an order of dismissal with prejudice shall be entered, and all Dometic Released Claims shall thereby be conclusively settled, compromised, satisfied, and released by Dometic.

3.     **Compromise – No Admission of Liability**.  This Agreement embodies a settlement of matters that are disputed.  Neither the execution of this Agreement nor any act undertaken pursuant to this Agreement or in the Litigation is or shall be deemed to be an admission of liability or wrongdoing on the part of Dometic or any Papasan Plaintiff.

4.     **Return and Destruction of Documents**. Pursuant to Section 19 of the Stipulated Confidentiality and Protective Order entered in Case No. 16-cv-22482 [ECF No. 18] (the "Florida Protective Order") and Section XIII of the Stipulated Confidentiality and Protective Order entered in Case No. 3:16-CV-02117 [ECF No. 52] (the "California Protective Order"), within sixty (60) days of the execution of this Agreement, each Party shall either destroy or return all confidential information produced by the other Party under the terms of either the Florida Protective Order or the California Protective Order, subject to the right of counsel to retain confidential material, or documents that reflect confidential . Notwithstanding the above, counsel for the Papasan Plaintiffs may maintain confidential information produced under the terms of the Florida Protective Order in the litigation styled *Labbe et al. v. Dometic Corp*., Case No. 2:20-cv-01975-DAD-DMC (E.D. Cal.). The maintenance and destruction of these documents are subject to the terms of both the Florida Protective Order and the Protective Order entered in *Labbe et al. v. Dometic Corp*. (the "Labbe Protective Order"). The terms of this provision do not require Plaintiffs' counsel to return or destroy confidential documents that have been produced to Plaintiff' counsel in other litigations. The maintenance, destruction, and return of any such documents will be governed by the terms of the protective order(s) entered in such matters.

5.     **Amendment**.  This Agreement shall not be amended except in a writing signed by each of the Parties.

6.     **Choice of Law**.  This Agreement shall be governed by the internal laws of the State of Florida, without resort to its choice of law principles.  Any dispute arising from or relating to this Agreement will be resolved exclusively in the courts of the State of Florida.

7.     **Comprehension**.  Each Party acknowledges to the other Parties that it has been represented by independent legal counsel of its, her or his own choice, or has had the opportunity

to seek legal counsel, throughout all of the negotiations which preceded the execution of this Agreement and that this Agreement has been executed with the consent and on the advice of such independent legal counsel, if so retained.  Each Party further acknowledges that there has been an adequate opportunity to make whatever investigation or inquiry they may deem necessary or desirable in connection with the subject matter of this Agreement prior to the execution hereof.

8.      **Interpretation**.  The language of this Agreement has been approved by counsel for each of the Parties.  The language of this Agreement shall be construed as a whole according to its fair meaning and none of the Parties (or the Parties' respective attorneys) shall be deemed to be the drafter of this Agreement in any action which may hereafter arise between the Parties.  The headings and captions used herein shall not be used to interpret or construe this Agreement.

9.      **Counterparts**.  This Agreement may be executed in counterparts, but shall become effective and enforceable only when all Parties have signed this Agreement.  Facsimile or PDF email signatures shall be binding as though originals. The Parties each understands that unless and until all Parties sign this Agreement, in counterpart or otherwise, it shall not be deemed an Agreement of the Parties.

10.     **Release as Defense to Further Action**.  This Agreement may be pleaded as a full and complete defense to any action, suit, or other proceeding that may be instituted or prosecuted with respect to any of the Papasan Released Claims or the Dometic Released Claims.  Each of the Parties fully agrees that the Agreement may be pleaded as necessary for the purpose of enforcing the Agreement in any court of competent jurisdiction.  This release, however, does not include any release of any Party's claim or claims against any other Party arising out of a failure of any such other Party to perform such other Party's obligations in conformity with the terms of this Agreement.

11.     **Continuing Jurisdiction**.  Notwithstanding any statement in this Agreement to the contrary, the United States District Court for the Southern District of Florida shall retain jurisdiction over the interpretation, effectuation, and implementation of this Agreement, as well as any and all matters arising out of, or related to, the interpretation, effectuation, or implementation of this Agreement and of the settlement and releases contemplated herein.

12.     **Representatives, Predecessors, Successors, and Assigns**.  This Agreement shall be binding upon and shall inure to the benefit of the Parties and each of their respective representatives, predecessors, successors, and assigns.

13.     **Confidentiality**. The Parties agree that the terms of this Agreement are not confidential and that each Party may publicly disclose the terms of this Agreement.

14.     **Severability**.  In the event that any part of this Agreement is found to be illegal, in violation of public policy, or for any reason unenforceable, such finding shall not invalidate any other part of this Agreement.

**15.      No Reliance**.  Each of the Parties represents and warrants that, except for the representations and warranties specifically set forth in this Agreement, in executing this Agreement, it does not rely, and has not relied, on any representation or statement made by any

other Party to this Agreement, on any representation or statement made by anyone acting on behalf of any Party to this Agreement, or any representation or statement made by any other person.

16.     **Authority of Signatories**.  Each of the Parties to this Agreement represents and warrants that it is authorized to enter into this Agreement and that any required consents, authorizations or approvals have been obtained.  Each of the signatories below represents and warrants that he has the authority to execute this Agreement on behalf of his respective principal.

17.     **Entire Agreement**.  This Agreement constitutes the entire understanding of the Parties concerning the subject matter contained herein and supersedes any and all prior or contemporaneous representations, promises, agreements or understandings, whether written or oral, relating to the subject matter hereof.  Each Party represents and warrants to the other Parties that, in entering into this Agreement, it has not relied upon any representations, promises, agreements or understandings not contained in this Agreement

**IN WITNESS WHEREOF**, the Parties have executed this Settlement Agreement to be effective on the date first written above.

*[Signature page to follow]*

**Dometic Corporation**

By:_____
Title:_____
On behalf of Dometic Corporation

**Papasan Plaintiffs, individually and severally**

By:_____
    **Gary Graus**

By:_____
    **Timothy Cherry**

By:_____
    **Richard and Leah Vollberg**

By:_____
    **Gwendolyn and Louis King**

By:_____
    **Paula Meurer**

By:_____
    **Andrew Young**

By:_____
    **Christopher Johnston**

By:_____
    **Richard Landsheft**

By:_____
    **Nelson and Marjorie Goehle**

By:_____
    **Jill and Sid Garrett**

## SETTLEMENT AND RELEASE AGREMENT

**THIS SETTLEMENT AND RELEASE AGREEMENT** (this "Agreement") is made as of November 1, 2022, by and among Dometic Corporation ("Dometic") and Gary Graus, Timothy Cherry, Richard and Leah Vollberg, Gwendolyn and Louis King, Paula Meurer , Andrew Young, Christopher Johnston, Richard Landsheft, Nelson and Marjorie Goehle, and Jill and Sid Garrett (collectively referred to herein as the "Papasan Plaintiffs", each of whom is entering into this Agreement individually, and severally) (Dometic and each of the Papasan Plaintiffs being referred to herein as a "Party," and all being collectively referred to herein as the "Parties")

WHEREAS, the Parties were previously involved in litigation styled *Papasan, et al. v. Dometic Corporation*, Case No. 3:16-cv-02117, in the United States District Court for the Northern District of California, and in the litigation styled *Papasan et al. v. Dometic Corporation*, Case No. 1:16-cv-22482 in the United States District Court for the Southern District of Florida (collectively, the "Litigation");

WHEREAS, on October 13, 2022, the Parties participated in a court-ordered settlement conference facilitated by Magistrate Judge Alicia M. Otazo-Reyes; and

WHEREAS, during the settlement conference, the Parties reached an agreement concerning the settlement and release memorialized herein, for the purpose of fully and finally settling the disputes relating to the Litigation on the terms set forth in this Agreement.

**NOW, THEREFORE**, in consideration of the foregoing Recitals, the good and valuable consideration exchanged between the Parties, and the mutual promises and covenants hereinafter set forth, the Parties agree as follows:

1.      **Papasan Plaintiffs' Release of Claims**.  By executing this Agreement, the Papasan Plaintiffs hereby fully and finally release all claims, liabilities, demands, causes of action, or lawsuits, debts, damages, costs, attorneys' fees, obligations, judgments, expenses, compensation, or liabilities known or unknown, and whether anticipated or unanticipated, of whatever kind or nature, character, and description—whether legal, statutory, equitable, or of any other type or form, whether under state or federal law, and whether brought in a representative or any other capacity—that the Papasan Plaintiffs did raise or could have raised concerning any Dometic-branded product owned or used by the Papasan Plaintiffs, whether now or at any time in the past (the "Papasan Released Claims").  The Papasan Plaintiffs expressly agree that the releases set forth herein shall apply to Dometic and any and all of Dometic's current or former parents, affiliates, subsidiaries, predecessors, and successors, as well as any of their current or former officers, directors, employees, agents, attorneys, insurers, and reinsurers. By executing this Agreement, the Papasan Plaintiffs further acknowledge that, upon entry of final judgment by the United States District Court for the Southern District of Florida, the Litigation shall by such judgment be dismissed with prejudice, with all Parties to bear their own costs and fees, an order of dismissal with prejudice shall be entered, and all Released Claims shall thereby be conclusively settled, compromised, satisfied, and released by the Papasan Plaintiffs.

2.      **Dometic's Release of Claims**.  By executing this Agreement, Dometic hereby fully and finally releases  all claims, liabilities, demands, causes of action, or lawsuits, debts, damages,

costs, attorneys' fees, obligations, judgments, expenses, compensation, or liabilities known or unknown, and whether anticipated or unanticipated, of whatever kind or nature, character, and description—whether legal, statutory, equitable, or of any other type or form, whether under state or federal law, and whether brought in a representative or any other capacity—that Dometic did raise or could have raised concerning any Papasan Plaintiff, whether now or at any time in the past, specifically including any  costs and/or attorneys' fees against any or all of the Papasan Plaintiffs arising out of the Litigation (the "Dometic Released Claims"). Dometic expressly agrees that the releases set forth herein shall apply to each Papasan Plaintiff and any and all of such Plaintiff's, predecessors, and successors, as well as any of their current or former agents, attorneys, insurers, and reinsurers. By executing this Agreement, Dometic further acknowledges that, upon entry of final judgment by the United States District Court for the Southern District of Florida, the Litigation shall by such judgment be dismissed with prejudice, with all Parties to bear their own costs and fees, an order of dismissal with prejudice shall be entered, and all Dometic Released Claims shall thereby be conclusively settled, compromised, satisfied, and released by Dometic.

3.  **Compromise – No Admission of Liability**.  This Agreement embodies a settlement of matters that are disputed.  Neither the execution of this Agreement nor any act undertaken pursuant to this Agreement or in the Litigation is or shall be deemed to be an admission of liability or wrongdoing on the part of Dometic or any Papasan Plaintiff.

4.  **Return and Destruction of Documents**. Pursuant to Section 19 of the Stipulated Confidentiality and Protective Order entered in Case No. 16-cv-22482 [ECF No. 18] (the "Florida Protective Order") and Section XIII of the Stipulated Confidentiality and Protective Order entered in Case No. 3:16-CV-02117 [ECF No. 52] (the "California Protective Order"), within sixty (60) days of the execution of this Agreement, each Party shall either destroy or return all confidential information produced by the other Party under the terms of either the Florida Protective Order or the California Protective Order, subject to the right of counsel to retain confidential documents or documents that contain confidential material pursuant to the terms of the Florida Protective Order and the California Protective Order. Notwithstanding the above, counsel for the Papasan Plaintiffs may maintain confidential information produced under the terms of the Florida Protective Order in the litigation styled *Labbe et al. v. Dometic Corp*., Case No. 2:20-cv-01975-DAD-DMC (E.D. Cal.). The maintenance and destruction of these documents are subject to the terms of both the Florida Protective Order and the Protective Order entered in *Labbe et al. v. Dometic Corp*. (the "Labbe Protective Order"). The terms of this provision do not require Plaintiffs' counsel to return or destroy confidential documents that have been produced to Plaintiff' counsel in other litigations. The maintenance, destruction, and return of any such documents will be governed by the terms of the protective order(s) entered in such matters.

5.  **Amendment**.  This Agreement shall not be amended except in a writing signed by each of the Parties.

6.  **Choice of Law**.  This Agreement shall be governed by the internal laws of the State of Florida, without resort to its choice of law principles.  Any dispute arising from or relating to this Agreement will be resolved exclusively in the courts of the State of Florida.

7.      **Comprehension**.  Each Party acknowledges to the other Parties that it has been represented by independent legal counsel of its, her or his own choice, or has had the opportunity to seek legal counsel, throughout all of the negotiations which preceded the execution of this Agreement and that this Agreement has been executed with the consent and on the advice of such independent legal counsel, if so retained.  Each Party further acknowledges that there has been an adequate opportunity to make whatever investigation or inquiry they may deem necessary or desirable in connection with the subject matter of this Agreement prior to the execution hereof.

8.      **Interpretation**.  The language of this Agreement has been approved by counsel for each of the Parties.  The language of this Agreement shall be construed as a whole according to its fair meaning and none of the Parties (or the Parties' respective attorneys) shall be deemed to be the drafter of this Agreement in any action which may hereafter arise between the Parties.  The headings and captions used herein shall not be used to interpret or construe this Agreement.

9.      **Counterparts**.  This Agreement may be executed in counterparts, but shall become effective and enforceable only when all Parties have signed this Agreement.  Facsimile or PDF email signatures shall be binding as though originals. The Parties each understands that unless and until all Parties sign this Agreement, in counterpart or otherwise, it shall not be deemed an Agreement of the Parties.

10.     **Release as Defense to Further Action**.  This Agreement may be pleaded as a full and complete defense to any action, suit, or other proceeding that may be instituted or prosecuted with respect to any of the Papasan Released Claims or the Dometic Released Claims.  Each of the Parties fully agrees that the Agreement may be pleaded as necessary for the purpose of enforcing the Agreement in any court of competent jurisdiction.  This release, however, does not include any release of any Party's claim or claims against any other Party arising out of a failure of any such other Party to perform such other Party's obligations in conformity with the terms of this Agreement.

11.     **Continuing Jurisdiction**.  Notwithstanding any statement in this Agreement to the contrary, the United States District Court for the Southern District of Florida shall retain jurisdiction over the interpretation, effectuation, and implementation of this Agreement, as well as any and all matters arising out of, or related to, the interpretation, effectuation, or implementation of this Agreement and of the settlement and releases contemplated herein.

12.     **Representatives, Predecessors, Successors, and Assigns**.  This Agreement shall be binding upon and shall inure to the benefit of the Parties and each of their respective representatives, predecessors, successors, and assigns.

13.     **Confidentiality**. The Parties agree that the terms of this Agreement are not confidential and that each Party may publicly disclose the terms of this Agreement.

14.     **Severability**.  In the event that any part of this Agreement is found to be illegal, in violation of public policy, or for any reason unenforceable, such finding shall not invalidate any other part of this Agreement.

**15.** **No Reliance**.  Each of the Parties represents and warrants that, except for the representations and warranties specifically set forth in this Agreement, in executing this Agreement, it does not rely, and has not relied, on any representation or statement made by any other Party to this Agreement, on any representation or statement made by anyone acting on behalf of any Party to this Agreement, or any representation or statement made by any other person.

16.    **Authority of Signatories**.  Each of the Parties to this Agreement represents and warrants that it is authorized to enter into this Agreement and that any required consents, authorizations or approvals have been obtained.  Each of the signatories below represents and warrants that he has the authority to execute this Agreement on behalf of his respective principal.

17.    **Entire Agreement**.  This Agreement constitutes the entire understanding of the Parties concerning the subject matter contained herein and supersedes any and all prior or contemporaneous representations, promises, agreements or understandings, whether written or oral, relating to the subject matter hereof.  Each Party represents and warrants to the other Parties that, in entering into this Agreement, it has not relied upon any representations, promises, agreements or understandings not contained in this Agreement

**IN WITNESS WHEREOF**, the Parties have executed this Settlement Agreement to be effective on the date first written above.

*[Signature page to follow]*

**Dometic Corporation**

By: _____

Title: Vice President and General
Counsel

On behalf of Dometic Corporation

**Papasan   Plaintiffs,   individually   and
severally**

By:_____

     **Gary Graus**

By:_____

     **Timothy Cherry**

By:_____

     **Richard and Leah Vollberg**

By:_____

     **Gwendolyn and Louis King**

By:_____

     **Paula Meurer**

By:_____

     **Andrew Young**

By:_____

     **Christopher Johnston**

By:_____

     **Richard Landsheft**

By:_____

     **Nelson and Marjorie Goehle**

By:_____

     **Jill and Sid Garrett**