**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**Case No.: 16-cv-22482-SCOLA/OTAZO-REYES**

CATHERINE PAPASAN, *et al.*, and all persons similarly situated,

    Plaintiffs,

v.

DOMETIC CORPORATION, a Delaware Corporation,

    Defendant.

# PAPASAN PLAINTIFFS' OPPOSITION TO DOMETIC CORPORATION'S MOTION TO REOPEN CASE AND ENFORCE SETTLEMENT AGREEMENT

Timothy Cherry, Nelson and Marjorie Goehle, Jill and Sid Garrett, Richard Landsheft, Christopher Johnston, Andrew Young, Gary Graus, Richard and Leah Vollberg, and Gwendolyn and Lewis King (hereinafter collectively referred to as the "Papasan Plaintiffs") hereby submit this Opposition to Dometic Corporation's Motion to Reopen and Enforce Settlement Agreement (ECF No. 589) as follows:

1. The Papasan Plaintiffs have all signed the written Settlement Agreement.

2. Plaintiff Paula Meurer refused to sign the Settlement Agreement, notwithstanding repeated efforts to obtain her signature by plaintiffs' counsel. At the present time, the attorney-client relationship between Plaintiff Meurer and plaintiffs' counsel has completely broken down to the point where Plaintiff Meurer refuses to communicate with plaintiffs' counsel.

3. All of the Papasan Plaintiffs' claims – including those of Plaintiff Meurer – were dismissed with prejudice pursuant to a settlement of the entire action at mediation. (ECF No. 588) In that all of the Papasan Plaintiffs – with the sole exception of Plaintiff Meurer – have executed the written Settlement Agreement, there is no purpose to reopening the case as to those plaintiffs, and Dometic's motion should be denied as to those plaintiffs as moot.

4. In that the attorney-client relationship between plaintiffs' counsel and Plaintiff Meurer has collapsed to the point where Plaintiff Meurer is no longer communicating, plaintiffs' counsel must move the Court for permission to withdraw as Plaintiff Meurer's attorneys of record in this action, and will do so separately with a notice to Plaintiff Meurer. Also, because of the breakdown in communication, plaintiffs' counsel cannot agree to reopen the case on behalf of Plaintiff Meurer, because they do not have authority from Plaintiff Meurer to do so.

5. The Papasan Plaintiffs further object to any award of sanctions to Dometic regarding the execution of the Settlement Agreement by those plaintiffs who have signed it. No agreed upon or court imposed deadline was violated in the approximately 90 days it took for the signatures to be collected from the nine (9) Papasan Plaintiffs. There was no delay in the entry of a dismissal ***with prejudice*** of ***all*** of the Papasan Plaintiffs' claims – including Plaintiff Meurer's claims - which is the relief that Dometic bargained for and obtained. (ECF No. 588)

6. Finally, the Papasan Plaintiffs object to the failure of Dometic to meaningfully meet and confer prior to filing their Motion to Reopen. Plaintiffs' counsel met and conferred with Dometic's counsel on a number of occasions where the status of the signature gathering was discussed. These discussions included advising Dometic's counsel that 1). the signatures were coming in;  2). Plaintiff Meurer was resisting signing the Settlement Agreement, and that her resistance was becoming more firm. Notwithstanding the ongoing discussions regarding the status of the signature gathering process, Dometic filed their Motion to Reopen (ECF No. 589) on February 7, 2023 without a meaningful effort to meet and confer on the necessity of the motion, e.g. a telephone call, or a discussion of the possibility of filing a joint motion to resolve the signature issue.  Contrary to Dometic's assertions, they were not being ignored by plaintiffs' counsel.  Rather, they jumped the gun to file an unnecessary motion while the signatures were still coming in.

7. For the foregoing reasons, the Papasan Plaintiffs and their attorneys request the following:

   a. That Dometic's Motion to Reopen be denied as moot regarding Plaintiffs Cherry, Goehle, Young, King, Garrett, Landsheft, Vollberg, Graus and Johnston;

   b. That Dometic's request for sanctions be denied, and that each side bear its own fees and costs regarding this matter; and.

    c. That the Court grant plaintiffs' counsel's request to withdraw as attorneys of record for Plaintiff Meurer.

Respectfully submitted this 22nd day of February, 2023

                                  */s/ Seth Miles*

SETH MILES
Florida Bar No. 385530 seth@bucknermiles.com
**BUCKNER + MILES**
2020 Salzedo Street, Suite 302 Coral Gables,
Florida 33134 Telephone: (305)964-8003
Facsimile: (786)523-0485

TERRENCE A. BEARD (Pro Hac Vice)
**Law Offices of Terrence A. Beard**
P.O. Box 1599
Sutter Creek, CA 95685
Telephone: 925-778-1060
Email: Tbeard1053@aol.com

Thomas E. Loeser (admitted pro hac vice)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Second Ave., Ste. 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
Email: toml@hbsslaw.com

*Attorneys for Plaintiffs Nelson and Marjorie Goehle, Andrew Young, Christopher Johnston, Richard and Leah Vollberg, Timothy Cherry, Paula Meurer, Jill and Sid Garrett, Richard Landsheft, Gary Graus, and Gwendolyn and Louis King*

- 5 -

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of the foregoing was served via the Federal Court's CM/ECF Filing System on all counsel or parties of record on February 22, 2023.

                                                 */s/ Seth Miles*

                                                 Seth Miles